# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-KA-00199-SCT

*KENDAL WOODSON a/k/a KENDALL WOODSON*
*a/k/a KENDALL MARVELL WOODSON, SR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/22/2017 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| TRIAL COURT ATTORNEYS: | DESHANDRA LALAYNE ROSS |
| | TIMOTHY HUTSON JONES |
| | PATRICIA ABRAHAM RODGERS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA McCLINTON |
| DISTRICT ATTORNEY: | WILLIE DEWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/19/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. After Kendal Woodson's wife said she was going to leave him, he beat her severely and poured hot cooking oil on her. Woodson was convicted of domestic aggravated assault. Woodson's trial counsel filed no posttrial motions, but Woodson later obtained an out-of-time appeal. Now his appointed counsel has filed a brief under *Lindsey v. State*, 939 So. 2d

743 (Miss. 2005), certifying that she has found no arguable issues supporting an appeal. Woodson did not file a pro se brief.

¶2.     After reviewing the record, we agree that there are no appealable issues. We accept counsel's *Lindsey* certification and affirm Woodson's conviction and sentence.

## FACTS

¶3.     Two witnesses testified at Woodson's trial. The first was an investigator for the Leflore County Sheriff's Department, who received a phone call during the early morning hours on August 6, 2015, about a burn victim in the hospital. The victim, Anita Woodson, stated that her husband had burned her by pouring hot grease on her. The investigator searched the Woodson home and found an oven mitt and a small cooking pot on the floor in the bedroom. Cooking oil was on the floor, along with what the officer believed to be human flesh.

¶4.     Woodson fled the state and was eventually located by United States Marshals in Oklahoma and brought back to Mississippi. Woodson signed a *Miranda*[1] waiver and discussed his previous domestic disputes with a Leflore County investigator. Woodson eventually refused to sign his statement, claiming the investigator did not type what Woodson had said. Woodson then asked for an attorney. The trial judge permitted the investigator to describe what Woodson had told him, but she refused to admit the typed notes into evidence.

¶5.     The other witness was the victim herself. Anita Woodson testified that Woodson was outside waiting for her when she got home from work around 12:45 a.m. and that he asked

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

why she was home so late. Woodson pushed her up against the house during the argument. Anita then told Woodson she was going to leave him the next day. Anita laid down to sleep while Woodson shaved in the bathroom and called her derogatory names. Anita fell asleep, but she awoke a short time later when Woodson pulled her up by her hair. Woodson began beating Anita, then he poured hot grease on top of her head, saying, "I'm going to kill you, bitch."

¶6. The Woodsons' oldest daughter forced her way into the bedroom and tried to stop Woodson. Anita testified that Woodson said, "I'm going to kill this bitch," to their daughter. Anita testified that she got up, grabbed her daughter, and ran out the door. Woodson then took Anita's purse, cell phone, and car, and drove off from the house.

¶7. The Woodsons' daughter took Anita to Greenwood Leflore Hospital where she went into shock and passed out. Anita was then put into an induced coma for treatment. She testified that she woke up at a hospital in Jackson, Mississippi, fifteen days later. Anita stayed at this hospital for about fifteen more days before she was transferred to the University of Iowa Hospital. In addition to her burns, Anita suffered a concussion from the beating.

¶8. The case proceeded to trial. On January 17, 2017, the jury acquitted Woodson of attempted murder, but it found him guilty of domestic aggravated assault. Woodson was sentenced to twenty years in the custody of the Mississippi Department of Corrections. He was also sentenced to pay $423.50 in court costs and $1,000 to the Crime Victims Compensation Fund. On October 29, 2018, Woodson filed a "post-conviction petition for an out of time appeal," which the trial court granted. Notice of appeal was filed in January

3

2019. Woodson's appointed appellate counsel filed an appellate brief under *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

## DISCUSSION

¶9.     *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), governs this appeal.  In *Lindsey*, this Court promulgated procedures an attorney must follow when the "appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Id.* at 748.  When this situation arises, an attorney must

> (1) . . . [F]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7);
>
> (2) . . . [C]ertify [in the brief] that there are no arguable issues supporting the client's appeal, and [that the attorney] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and]
>
> (3) . . . [S]end a copy of the brief to the defendant, inform the [defendant] that counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief.

*Lindsey*, 939 So. 2d at 748 (footnote omitted) (citations omitted).

¶10.    Woodson's attorney complied with *Lindsey*'s requirements.  Woodson did not submit a pro se brief.  And having reviewed the record, we cannot find any arguable issue for appeal or reversible error committed by the trial court.  As such, we affirm Woodson's conviction and sentence.

¶11. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**